HEATHER E. WILLIAMS, #122664
Federal Defender
TIMOTHY ZINDEL, #158377
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: 916-498-5700/Fax 916-498-5710
timothy_zindel@fd.org

Attorney for Defendant
JUSTIN JACKSON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:11-CR-0477 JAM |
| Plaintiff, | |
| vs. | **OPPOSITION TO REQUEST FOR RESTITUTION** |
| JUSTIN JACKSON, | |
| Defendant. | Date:  September 9, 2014<br>Time:  1:30 p.m.<br>Judge: Hon. John A. Mendez |

Mr. Jackson opposes the request of Alicia G. for restitution for the following reasons.

**1. Factual and Procedural Background.** On May 20, 2014, the Court sentenced Mr. Jackson to 135 months in prison. The presentence report stated, "no request for restitution has been submitted" and recommended that restitution not be ordered. PSR ¶¶ 94-95. The night before sentencing, Alicia G., the estranged mother of the named victim, M.R., provided the government an

unsigned two-page request for restitution for her own expenses. The Court set the matter for hearing on July 22.

On July 17 the government filed a brief conceding that the bulk of the unsworn request is unfounded but asking the Court to order Mr. Jackson to pay $8,012 to Ms. G., "an estimate of the losses [she] suffered . . . between on or about January 15, 2009, when M.R. was first reported to have run away . . . and April 26, 2009," when police returned her home.  The Court set an evidentiary hearing for September 9, 2014, and invited defense counsel to file a memorandum stating reasons why restitution should not be ordered.

Ms. G. has declined to provide any further information or documentation to probation or to the government about her request.

**2. Restitution Should Not Be Ordered.**

**A.   No Competent Evidence Supports an Order of Restitution.**

Whether restitution is ordered under 18 U.S.C. § 1593 or under 18 U.S.C. § 3663A, such an order must be "issued and enforced in accordance with" 18 U.S.C. § 3664.  18 U.S.C. § 1593(b)(2); 18 U.S.C. § 3663A(d).

Section 3664 requires that the court have "information sufficient . . . to exercise its discretion in fashioning a restitution order," including "a complete accounting of the losses to each victim . . . ." *Id.* at (a).  The statute provides for this to be done in the presentence report "or in a separate report, as the court may direct." *Id.*   Ms. G. declined to provide any information or an account to probation.

-2-

1    The statute is crafted to assure that restitution
2 information is *reliable*.  For example, the statute requires "a
3 separate affidavit relating to the amount of the victim's losses
4 subject to restitution" and requires probation to "provide the
5 victim with an affidavit form to submit pursuant to" the
6 aforementioned provision.  *Id.* at (d)(2)(A)(vi), (d)(2)(B).  An
7 affidavit is "a written or printed declaration or statement of
8 facts, made voluntarily, and confirmed by the oath or
9 affirmation of the party making it, taken before a person having
10 authority to administer such oath or affirmation."  BLACK'S LAW
11 DICT., 5th ed. (1983).

12    Restitution should be denied because the court cannot
13 lawfully rely upon an unsworn estimate Ms. G. provided by email
14 to the prosecutor the night before sentencing.  First, the
15 estimate bypassed the prescribed procedure for filing a claim
16 for restitution, which calls for an accounting of victim losses.
17 Second, the information she presented is not sworn and thus the
18 Court may not rely upon it in determining whether losses were in
19 fact incurred.

20    The claim is also doubtful because, as the government
21 explicitly concedes, the bulk of it lacks merit.  The government
22 agrees that Ms. G. may not recover "moving expenses or child and
23 family future needs and services."  Mr. Jackson was in
24 continuous custody from his arrest in 2011 to date and had no
25 contact with Ms. G. at any time.  He did not cause her in any
26 manner to move.  The child for whom Ms. G. seeks support appears
27 to be the child with whom M.R. was five months pregnant when she
28 was interviewed after she was arrested in August 2010.  PSR at ¶

12.  When that child was born at the end of 2010 or in early 2011, more than a year and a half had passed since Mr. Jackson last saw M.R.  Mr. Jackson bears no responsibility for that child, who was conceived long after he ceased communicating with M.R.  Ms. G.'s decision to claim restitution from Justin Jackson for actions of other persons casts serious doubt on the merit of the remainder of her claim – in addition to the doubt already cast by her decision to bypass the established procedure for claiming restitution when probation invited her to do so.  Further doubt is cast by evidence, noted in Mr. Jackson's sentencing memorandum, that Ms. G.'s statement to the court at sentencing contained inaccurate information about Mr. Jackson and the very brief time he spent in the company of M.R.

The government bears the burden of proving the amount of a victim's loss, which it must do by a preponderance of the evidence.  *United States v. Wakanine*, 543 F.3d 546, 556 (9th Cir. 2008).  To justify an order of restitution, "it is the responsibility of the government, aided by the victim, to provide adequate reliable evidence" to support an order of restitution.  *Id.* at 558.  The unsworn evidence presented in this case, coupled with the doubts it has generated, demonstrates that restitution should not be ordered.

### B.  Ms. G. Is not a "Victim" under the Statute.

The statute governing restitution in a trafficking case – 18 U.S.C. § 1593 – defines a victim as "*the* individual harmed as a result of a crime under this chapter."  The key word in this phrase is "*the*," which indicates that only the person who is the direct object of the crime is to be considered the victim of

-4-

that crime.  The indictment in this case identifies the victim as "a 16-year-old female identified as 'M.R.'"  M.R. is "the individual harmed as a result of a crime" within the meaning of section 1593.  Under 18 U.S.C. § 3663A(a)(2), victim "means a person directly and proximately harmed as a result of an offense for which restitution may be ordered."  Again, the person directly and proximately harmed as a result of the offense in this case (harboring a minor prostitute) is M.R.

Both provisions state that, in cases involving a minor victim, the legal guardian "may assume the victim's rights under this section," 18 U.S.C. § 3663A(a)(2), but it is clear that the guardian may only protect a minor victim's right to recover. The statute does not confer on a parent or guardian a separate right to restitution for his or her indirect or incidental losses.

The bulk of Ms. G.'s claim seeks restitution for her own lost income – $38,720 – rather than income lost by the minor victim.  In *United States v. Wilcox*, 487 F.3d 163 (8th Cir. 2007), the Court of Appeals held that the district court erred by awarding restitution for lost income to the mother of a minor victim in a case charging sexual abuse of the minor.  The Court noted that the statute authorizing restitution for income lost due to injuries caused by violent crimes is limited to "reimburse[ment] to *the victim* for income *lost by such victim* . . . ."  18 U.S.C. § 3663A(b)(2)(C).  The Court explained, "[t]he use of the definite article indicates that '*the* victim' who may be reimbursed is the victim described at the beginning of the subsection – that is, the victim who suffered bodily injury."

1   *Wilcox*, 487 F.3d at 1176.  The provision allowing the legal
2   guardian to assume the victim's rights also "does not support an
3   award to [the mother] based on [the mother's] lost income.  It
4   simply provides that the court may order the defendant to pay to
5   the legal guardian, rather than the victim herself, the
6   restitution owed *to the victim*."  *Id.* at 1177 (emphasis in
7   original).

8       **C.   Mr. Jackson Did Not Cause the Harm for which**
9   **Restitution Is Sought.**

10      Ms. G. seeks restitution for 18 months of cell service, 18
11  months of internet service, $90 worth of posters, and six months
12  worth of gas.  She calls this "search and rescue."  None of
13  these costs were proximately caused by Mr. Jackson.

14      M.R. ran away from home prior to meeting Mr. Jackson.  The
15  first missing persons report about her came in 2007, more than a
16  year before Mr. Jackson first met her.  M.R. had adopted a
17  criminal lifestyle before she met Mr. Jackson.  The 2007 missing
18  persons report suggested she was already involved in
19  prostitution.  On January 8, 2009, M.R. was suspected of
20  breaking into her father's home with a man named Isaiah Bradley.
21  Between January 16 and April 26, 2009, the time period for which
22  the government argues restitution should be ordered for "search
23  and rescue," M.R. was often on her own and out of contact with
24  Mr. Jackson.  For example, during part of March 2009, Mr.
25  Jackson was in Sacramento County Jail serving 10- and 15-day
26  misdemeanor sentences.  PSR at ¶¶ 54-55.  M.R.'s decision to run
27  away from home was hers alone.  As the PSR reflects, she
28

1 continued to make that decision throughout 2009, 2010, and 2011.
2 She was last seen with Mr. Jackson on April 26, 2009.

3 The particular costs Ms. G. seeks are not recoverable under the statute. She seeks to recover half the cost of her cell phone and internet service when it is evident she would have incurred those costs in any event, without M.R. having run away from home. Those costs were not harms caused by Mr. Jackson. She asks for $4800 in gas, representing six months of gas – not costs incurred by M.R. herself but costs Ms. G. incurred by visiting M.R. As has been noted, recovery of lost wages is limited by statute to income lost by "the victim," not by the victim's mother.

For all of these reasons, Mr. Jackson asks the Court to deny the request for restitution.

Respectfully Submitted,

HEATHER E. WILLIAMS
Federal Defender

Dated: August 5, 2014         /s/ T. Zindel
                              TIMOTHY ZINDEL
                              Assistant Federal Defender
                              Attorney for JUSTIN JACKSON